**\*\* E-filed January 3, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN REIFFIN, | No. C11-04625 HRL |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING ALL OTHER PENDING MOTIONS** |
| v. | |
| BEVERLY HOEY, | |
| Defendant. | |
| _____/ | [Re: Docket Nos. 11, 24, 35, 41] |

Martin Reiffin sues Beverly Hoey, alleging that she "misrepresented" United States Patent Laws and "committed fraud on the court." Dkt. No. 16 ("First Amended Complaint" or "FAC"). In June 2006, Reiffin, a patent attorney, retained Hoey, a trusts and estate-planning attorney, to prepare a "trust agreement for plaintiff's family," and the parties agreed on a total fee of $4,500, half of which Reiffin paid up front. FAC ¶ 7. Some time later, but before completing her work on the trust agreement, Hoey learned that Reiffin had a patent infringement suit against Microsoft which—apparently—had been or was about to be settled. Id. ¶ 11. Reiffin alleges that Hoey at that point went beyond the scope of their original contract and included in the agreement unnecessary provisions intended to shield the trust funds from any attempt by the IRS to collect taxes on that settlement agreement before Microsoft tendered payment. Id. ¶ 10. For the additional work of developing those provisions, Hoey allegedly charged plaintiff $32,389.80.

Plaintiff's first clam for relief, ineptly pleaded, is for fraud and/or for breach of contract. The second claim, "fraud on the court," alleges that defendant, in her argument supporting her motion to

1  dismiss the original complaint, "misrepresented" facts to this court. This court sees not even a
2  suggestion there of an actual claim for relief.
3        Hoey moved to dismiss the original complaint on a variety of grounds, including lack of
4  subject matter jurisdiction. Dkt. No. 6. She also moved for sanctions, claiming plaintiff made "false
5  and frivolous allegations" in his complaint in violation of FED. R. CIV. P. 11(b). Dkt. No. 11.
6  Shortly thereafter, plaintiff timely filed a First Amended Complaint ("FAC"). Dkt. No. 16.
7  Defendant then withdrew her original motion to dismiss, but not her motion for sanctions. See Dkt.
8  No. 29. Reiffin subsequently moved (1) for judgment under "FED. R. CIV. P. 8(b)," and (2) to
9  convert Hoey's motion to dismiss into one for summary judgment. See Dkt. Nos. 35, 41.
10       Defendant now moves to dismiss the FAC for lack of subject matter jurisdiction. Both
11 parties have consented to the undersigned's jurisdiction. After consideration of the moving papers
12 and responses and the parties' arguments at hearing, the court grants the motion to dismiss for lack
13 of subject-matter jurisdiction and denies all other pending motions.
14       DISCUSSION
15       I.      DEFENDANT'S MOTION TO DISMISS
16       A party may raise a lack of subject-matter jurisdiction by motion prior to filing an answer to
17 a complaint. FED. R. CIV. P. 12(b)(1). If the court determines that it does not have subject-matter
18 jurisdiction, it must dismiss the claim. FED. R. CIV. P. 12(h)(3). A lack of jurisdiction is presumed
19 unless the party asserting jurisdiction establishes that it exists. Kokkonen v. Guardian Life Ins. Co.
20 of Am., 511 U.S. 375, 377 (1994). The court assumes the allegations of the complaint (together with
21 documents attached to the complaint) to be true and draws all inferences in plaintiff's favor. See
22 Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). Because plaintiff is proceeding pro se, the
23 court liberally construes his complaint. Id.
24       Federal courts have original jurisdiction over civil actions "arising under the Constitution,
25 laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if,
26 based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v.
27 Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal
28 question do not satisfy this requirement. Id. at 1273. The federal courts have original, exclusive

jurisdiction over suits for patent infringement. 35 U.S.C. § 281. Under the well-pleaded complaint rule, . . . whether a claim 'arises under' patent law 'must be determined from what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988) (quoting Franchise Tax Board of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 (1983)). A claim "based on state law that may require some reference to patents and patent law" does not arise under the patent laws and does not confer federal subject matter jurisdiction. See Black v. Reliant Techs., Inc., 2003 U.S. Dist. LEXIS 18002, *6 (N.D. Cal. Sept. 2, 2003) (finding no subject matter jurisdiction when plaintiff's claim for misrepresentation and breach of contract, among other state law claims, referenced the patent laws but involved no "substantial question of patent law"). Here, plaintiffs' complaint, on its face, does not state a claim that arises under federal law. Rather, both of his claims for relief are based on state law.

      Plaintiff argues that the "[d]efendant's justification for her [additional attorney's fees] was based on her fraudulent misrepresentation of the United States Patent Laws." FAC ¶ 10. However, the only patent law to which plaintiff cites are two provisions that govern the court's power to grant remedies in patent infringement actions, 35 U.S.C. §§ 283-84, and a case that holds a court may vacate its own judgment upon discovering that a litigant has perpetrated a fraud upon it. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), *questioned by* Standard Oil v. United States, 429 U.S. 17 (1976). Indeed, even if Reiffin had asserted that Hoey actually, knowingly misrepresented the content or effect of federal patent law, that would not suffice to raise a federal question. Reiffin has not presented a substantial question of patent law that must be resolved, nor has he asserted that anything in the patent laws is a necessary element of any of his claims. See Black, 2003 U.S. Dist. LEXIS 18002 at *6. The state courts retain the power to "construe and enforce contracts relating to patents." Hartley Pen Co., 16 F.R.D. at 151.

      Both plaintiff and defendant are residents of California. FAC ¶¶ 4-5. Therefore, neither is there subject-matter jurisdiction based on diversity. Accordingly, the court must GRANT the motion to dismiss the FAC.

3

Hoey also argues that the plaintiff's FAC should be dismissed for failure to state a claim upon which relief can be granted, and for failure to remove a pending state action. Dkt. No. 26. As is not federal subject matter jurisdiction, the court does not reach these arguments.

## II. DEFENDANT'S MOTION FOR SANCTIONS

Defendant moved to sanction the plaintiff, alleging that his original complaint included false and frivolous accusations that were made for an improper purpose, without merit, and based on a lack of information. Dkt. 11. This motion to DENIED.

## III. PLAINTIFF'S MOTION FOR JUDGMENT UNDER FED. R. CIV. P. 8(b)

Plaintiff moves for judgment pursuant to FED. R. CIV. P. 8(b) on the basis that defendant failed to respond to the allegations in paragraphs 10-15 of the FAC and therefore "admitted" them. Dkt. No. 35. This motion is DENIED.

## IV. PLAINTIFF'S MOTION TO TREAT MOTION TO DISMISS AS ONE FOR SUMMARY JUDGMENT

Plaintiff moves to treat the defendant's motion to dismiss as one for summary judgment under FED. R. CIV. P. 56. Dkt. No. 41. This motion is DENIED.

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's motion to dismiss the FAC is GRANTED.
2. All other pending motions are DENIED.

Dated: January 1, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-04625 HRL Notice will be mailed to:**

Martin Gardner Reiffin
47 Pheasant Run Terrace
Danville, CA 94506

Beverly M Hoey
313 Ray Street
Pleasanton, CA 94566

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**