\*\* E-filed March 5, 2012 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN REIFFIN,<br><br>           Plaintiff,<br>     v.<br><br>BEVERLY HOEY,<br><br>           Defendant.<br>_____/ | No. C11-04625 HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR HEARING AND TO VACATE JUDGMENT**<br><br>**[Re: Docket No. 49, 54]** |

Plaintiff Martin Reiffin sued Beverly Hoey, alleging that she committed "fraud" by "misrepresenting" federal patent law. Dkt. No. 16 ("First Amended Complaint" or "FAC"). Reiffin, a patent attorney, retained Hoey, an estate planning attorney, to prepare a "trust agreement" for plaintiff's family. FAC ¶ 7. Reiffin alleges that Hoey did unnecessary legal work by structuring the agreement so as to protect the trust fund from potential tax liability in the event that Microsoft, with whom Reiffin has executed a patent infringement settlement agreement, delayed payment of damages that Reiffin intended to put into the trust fund. Id. ¶ 11. Reiffin alleges that this scenario would never arise because doing so would be bad for Microsoft's business, and sued Hoey, arguing that her "misrepresentation" of patent law raised a federal question.

Hoey moved to dismiss for lack of subject matter jurisdiction, arguing that Reiffin had not raised a federal question and had instead pled only common law claims. Finding no federal question or other basis for jurisdiction, this court granted the motion to dismiss for lack of subject matter jurisdiction in its Order of January 1, 2012, and entered a judgment of dismissal. Dkt. Nos. 47, 48.

Now, plaintiff moves to vacate the judgment of dismissal. Dkt. No. 49. Defendant has opposed the motion. Dkt. No. 51. On February 28, over a month after he filed the motion, Reiffin belatedly requested that the court set a hearing on this matter for March 13, 2012. Dkt. No. 54. The matter is deemed suitable for decision on the papers, and no hearing is necessary. Civil L. R. 7-1(b). The court rules as follows.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Reiffin states that he moved to vacate judgment to "correct manifest errors of fact and law" and "incorporate newly-discovered evidence." Dkt. No. 49, p. 1 ("Motion"). However, he presents no new evidence whatsoever, and instead merely reiterates the allegations he offered in his original complaint and his FAC. Reiffin contends that there is no contract at issue in this action, and that defendant's "misrepresentations" of patent laws confer federal jurisdiction. Plaintiff fails to appreciate the distinction between his attempt to allege that the defendant misrepresented patent law and a genuine dispute about the meaning of some provision of patent law. Reiffin's allegation that that Hoey unnecessarily planned for an unlikely scenario in which Microsoft delays payment of what it owes Reiffin has nothing to do with the meaning of any provision of patent law.

Plaintiff has not even come close to raising a federal question, and even if he were able to cite some provision of patent law relevant to the underlying dispute between the parties, this would not suffice to confer federal jurisdiction. "Federal courts have exclusive jurisdiction of all cases arising under the patent laws, but not of all questions in which a patent may be the subject matter of the controversy." Boggild v. Kenner Products, Div. of CPG Products Corp., 853 F.2d 465, 468 (6th Cir. Ohio 1988) (citations omitted). As the plaintiff has reiterated many times, his complaint is that the defendant "misrepresented" the effect of patent law. Plaintiff's claim is really for misrepresentation, and does not arise under the patent laws or any other federal law.

It is clear that plaintiff has not presented and cannot present any of the elements that would justify this court's reconsideration of the judgment of dismissal, and accordingly, there is no basis for the court to vacate judgment. Therefore, plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: March 5, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-04625 HRL Notice will be electronically mailed to:**

Martin Gardner Reiffin
47 Pheasant Run Terrace
Danville, CA 94506

Beverly M Hoey
313 Ray Street
Pleasanton, CA 94566

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**